FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY S. LEATHERBY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. CV 09-6877-PA (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO SERVE AND PROSECUTE |

    On September 22, 2009, Plaintiff Timothy S. Leatherby filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint made conclusory allegations against various state officials involving, among other things, the falsifying of parole documents, indifference to medical care, slander, unlawful arrest, fraud and conspiracy. On January 27, 2010, the Court issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to serve the defendants. Plaintiff filed a response and on February 11, 2010, the Court determined that the complaint failed to allege facts demonstrating subject matter jurisdiction, and an order was entered dismissing the complaint, but granting Plaintiff leave to file a

first amended complaint. The Order to Show Cause, a request to extend the time in which to serve the complaint, and a request for service by the United States Marshal, were dismissed as moot. Plaintiff was specifically directed to serve the defendants within 30 days of filing of the amended complaint. (Docket Entries 6, 9.)

On March 2, 2010, Plaintiff filed the first amended complaint. However, service was not made upon any of the defendants within the 30-day time period. On April 15, 2010, Magistrate Judge Marc L. Goldman issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to effect service within the time ordered by the Court. Plaintiff did not respond to the order in the time allowed.[1]

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m); see *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)(affirming dismissal of complaint for failure to timely serve the summons and complaint); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period may be extended by the Court upon a showing of good cause. See Fed.R.Civ.P. 4(m).

//

---

[1] On April 29, 2010, Plaintiff re-filed the motion seeking an order directing service by the United States Marshal. On the same date, Magistrate Judge Goldman denied the motion because Plaintiff had failed to demonstrate entitlement to service of process without prepayment of fees. 28 U.S.C. § 1915.

Here, Plaintiff has not effected service on any of the named defendants. While the court is mindful that Plaintiff is proceeding *pro se*, he nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's order regarding service. Plaintiff has failed effect service despite being twice specifically informed of this requirement and being given two opportunities to do so. The failure to effect service warrants dismissal of this action by reason of Rule 4(m).

In addition, Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. The case has been pending for eight months. Plaintiff has twice been warned that his failure to effect service would result in dismissal of this action. The interest of the public and the court in bringing cases to resolution weighs in favor

of dismissal. There are no other sanctions available when a party has failed to prosecute or effect service.

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to effect service and failure to prosecute.

Dated: May 3, 2010

_____
Percy Anderson
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge